# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20609

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2020

Lyle W. Cayce
Clerk

ARTIMUS LORENZO FEGANS,

Petitioner−Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CV-3834

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Artimus Fegans, Texas prisoner #1550650, has moved for a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20609

appealability ("COA") to appeal the disposition of his 28 U.S.C. § 2254 application in which he attacked his conviction of aggravated robbery. The district court dismissed the § 2254 application as time-barred.

Fegans asserts that the application was timely. He contends that the district court ignored state law and erroneously identified the date on which his judgment was final for purposes of 28 U.S.C. § 2244(d)(1)(A). Fegans contends that Texas state law provides that direct review is over when the state appeals court issues the mandate and, if that date was used to determine when the judgment was final, his § 2254 application was timely. He further contends that, under § 2244(d)(2), he was entitled to have the limitations period tolled until his post-habeas motion for an extension of time to request reconsideration was denied.

A COA may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fegans may meet that standard by establishing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where, as here, the denial of relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Fegans has not made the necessary showing. Accordingly, the motion for a COA is DENIED.

Fegans asserts that the district court erred by failing to conduct an evi-

dentiary hearing.  We construe his motion for a COA as to the denial of an evidentiary hearing as a direct appeal of that issue.  *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).  Fegans has not shown that the district court abused its discretion in denying relief without an evidentiary hearing because the record was sufficiently developed to allow the district court to find that his § 2254 application was time-barred.  *See* § 2254(e)(2); *Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009).  The order denying an evidentiary hearing is AFFIRMED.